UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL FAYED,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. 21-cv-08206-JST<br><br>**ORDER OF PARTIAL SERVICE; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: ECF Nos. 35, 38 |

Plaintiff, an inmate at San Quentin State Prison ("SQSP") has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His third amended complaint (ECF No. 35) is now before the Court for review under 28 U.S.C. § 1915A. This order also addresses Plaintiff's renewed motion to appoint counsel. ECF No. 38.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Procedural History**

Plaintiff commenced this action on October 21, 2021, when he filed a complaint in this court, alleging that California Department of Corrections and Rehabilitation ("CDCR") Secretary Kathleen Allison and the County of Los Angeles violated his constitutional rights by deducting funds from his inmate trust account to satisfy his restitution obligation while his sentence was held in abeyance pending the disposition of his direct appeal. *See generally* ECF No. 1. On November 4, 2021, the Court transferred the action to the Eastern District of California because none of the named defendants lived in this district and none of the events occurred in this district, and because Plaintiff provided defendant Allison's location as Sacramento, California, which lies within the Eastern District of California. ECF No. 8.

Before the Eastern District of California could screen the complaint, Plaintiff *sua sponte* filed a first amended complaint. ECF No. 18. The first amended complaint again named Secretary Allison as a defendant, and also added as defendants the Los Angeles District Attorney's Office, Los Angeles District Attorney Steve Cooley, Deputy District Attorney Alan Jackson, Deputy District Attorney Eric Harmon, the County of Los Angeles, the California Appellate Project, and the Habeas Corpus Resource Center. Plaintiff again alleged that CDCR and other defendants improperly deducted restitution from funds intended for his trust account while he was in the process of appealing his conviction and the restitution order was stayed. He alleges that the improper deduction violated due process, constituted negligence, violated state law, and was

1  discriminatory. *See generally* ECF Nos. 18, 24.

2      The Eastern District of California dismissed the first amended complaint for failure to state
3  a claim because Plaintiff's claim based on the taking of his property was not cognizable under
4  Section 1983. ECF No. 24 at 4. The court granted him leave to amend. *Id.* at 5.

5      Plaintiff filed a second amended complaint wherein he named as defendants CDCR,
6  CDCR Secretary Allison, the California Attorney General, the County of Los Angeles, and
7  California Governor Gavin Newsom. Plaintiff alleged that restitution funds were improperly
8  deducted from his inmate trust account while he was appealing his conviction, constituting an
9  authorized intentional taking of his property that is prohibited by state law, in violation of the
10 Fourth and Fourteenth Amendment. Plaintiff also alleges that he was improperly subject to an
11 increase in the monthly amount deducted for restitution as a result of California Proposition 66, in
12 violation of the Ex Post Facto Clause. *See generally* ECF No. 29.

13     The Eastern District of California dismissed the second amended complaint for failure to
14 state a claim for the following reasons. With respect to the first claim, the court dismissed the
15 claim because Plaintiff failed to establish that these defendants personally participated in the
16 deprivation of his constitutional rights, i.e., the deduction of restitution funds. The court dismissed
17 this claim with leave to amend. With respect to the second claim, the court dismissed this claim
18 with prejudice because the Ninth Circuit had previously held that a statutory increase in the rate of
19 restitution payments does not violate the Ex Post Facto Claim. ECF No. 31 at 4-5.

20     On February 21, 2023, Plaintiff filed a third amended complaint and a motion for a change
21 of venue, stating that the events described in the third amended complaint took place at San
22 Quentin State Prison, which is located in the venue of the Northern District of California. ECF
23 Nos. 35, 36. On March 9, 2023, the Eastern District of California granted the motion for change
24 of venue and transferred the action back to this court.

25 **C.  Third Amended Complaint**

26     The third amended complaint names as defendants SQSP warden Ron Davis and the
27 County of Los Angeles. The third amended complaint makes the following allegations. The
28 County of Los Angeles, through the Los Angeles Superior Court, ordered that Plaintiff's

3

restitution be due immediately upon Plaintiff's incarceration at San Quentin State Prison despite Plaintiff appealing his conviction and Cal. Penal Code § 1243 holding that a prisoner's sentence is held in suspension and abeyance pending disposition of direct appeal by the California Supreme Court. Plaintiff further argues that SQSP Warden Davis "imposed additional restitution (above and beyond) upon Plaintiff's incarceration" that were ordered by the CDCR. Plaintiff appears to be challenging two separate deductions from his trust account, both of which were intended to satisfy his restitution obligation: (1) the deductions ordered by the Los Angeles Superior Court that were deducted prior to the disposition of his direct appeal by the California Supreme Court; and (2) additional deductions imposed by defendant Davis and authorized by the CDCR that were "above and beyond" what was ordered by the Los Angeles Superior Court.

Plaintiff argues that any monies seized by Defendants' unlawful actions prior to the disposition of his direct appeal were unlawfully seized, in violation of the Fourth Amendment's prohibition on unlawful and illegal seizure of property, the Fifth Amendment's takings clause and due process provisions, the Eighth Amendment's prohibition on deliberate indifference to Plaintiff's rights and failure to act to correct the violations of his rights, and the Fourteenth Amendment's due process clause and equal protection clause. Plaintiff also alleges a state law claim of deliberate indifference to clearly established state law, specifically Cal. Penal Code § 1243. Plaintiff alleges that Defendants' actions have caused him significant hardship because it rendered him an indigent inmate for nearly a decade, denying him the privileges and niceties that make prison life less harsh, such as the prison canteen and its items, and charity drives and food-drives, which allow inmates to purchase items from outside vendors at an extreme markup with proceeds donated to a charity organization. Plaintiff seeks $350,000 in compensatory damages from defendant Los Angeles County, and $150,000 in compensatory damages from defendant Davis. *See generally* ECF No. 35.

### D. Screening Third Amended Complaint

The third amended complaint states a cognizable procedural due process claim against defendant Davis in his individual capacity. Liberally construed, the allegation that defendant Davis deprived Plaintiff of monies from his trust account "above and beyond" what the restitution

4

order authorized without providing a pre-deprivation procedure states a cognizable due process claim.[12] *See Zimmerman v. City of Oakland*, 255 F.3d 734, 739 (9th Cir. 2001) (due process violated where deprivation predictable and pre-deprivation process possible, but state officials, acting under apparent authority of state procedures, provide no pre-deprivation procedure and are specifically charged with authority to effect deprivation complained of); *see also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982) (Fourteenth Amendment requires "'an opportunity . . . granted at a meaningful time and in a meaningful manner,'. . . for a hearing appropriate to the nature of the case.").

However, the third amended complaint does not state any cognizable claims against Los Angeles County Superior Court or against defendant Davis in his official capacity; does not state a cognizable claim under either the Fourth Amendment, the Fifth Amendment's Takings Clause, the Eighth Amendment, or the Fourteenth Amendment's Equal Protection Clause; and does not state a cognizable state law claim for deliberate indifference to clearly established state law.

The claims against Los Angeles County Superior Court and the related request for compensatory damages from Los Angeles County Superior Court are barred by the Eleventh Amendment. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). This includes state law claims brought against a

---

[1] To the extent that Plaintiff alleges that the deductions violated state law, such an allegation does not state a cognizable due process claim. *See, e.g., Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.") (internal quotation marks and citation omitted); *Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983) (explaining that "[p]rocess is not an end in itself" and holding that a State's creation of administrative procedures "does not create an independent substantive right" under the Due Process Clause); *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (litigant cannot "transform a state-law issue into a federal one merely by asserting a violation of due process").

[2] However, if the deductions authorized by the CDCR and defendant Davis were also authorized by state statute, no procedural due process claim is stated because the deductions were effected by a valid act of the California legislature and the legislative process satisfies the requirements of procedural due process. *Halverson v. Skagit Cty.*, 42 F.3d 1257, 1260-61 (9th Cir. 1994). Cal. Penal Code § 2085.5 requires the CDCR to deduct a minimum of either twenty percent of an inmate's wages and trust account deposits or twenty percent of the balance owing on the fine amount, whichever is less, up to a maximum of fifty percent from the inmate's wages and trust account deposits. Cal. Penal Code § 2085.5.

state in federal court under the supplemental jurisdiction statute, 28 U.S.C. § 1367. *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 541-42 (2002). In addition to suits against the state, Eleventh Amendment immunity also extends to suits against a state agency, including a state superior court, *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (Eleventh Amendment bars suit against state superior court and its employees); *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir.), *amended*, 127 F.3d 1135 (9th Cir. 1997) (state case law and constitutional provisions make clear that California Superior Court is state agency); and state officials sued in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985). In addition, a suit will be barred under the Eleventh Amendment if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the state from acting, or to compel it to act. *See id.* A federal court, for example, may not entertain a suit against a state official that in essence seeks damages from the public treasury nor may it order state officials to conform their conduct with state law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 97-121 (1984). For these reasons, the Court DISMISSES with prejudice the claims against Los Angeles County Superior Court and the request for compensatory damages against Los Angeles County Superior Court. The Court DISMISSES Los Angeles County Superior Court from this action with prejudice. Similarly, any claims brought against defendant Davis in his official capacity are also barred by the Eleventh Amendment. The Court therefore DISMISSES with prejudice the claims against defendant Davis in his official capacity.

With respect to the Fourth Amendment claim, the Ninth Circuit has held that prisoners do not have a Fourth Amendment right to be free from the seizure, destruction, or conversion of their personal property. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir.1989). As the Ninth Circuit explained, "[t]his does not mean a prisoner is without redress; it simply means a prisoner's form of redress is through the fifth and fourteenth amendments." *Taylor*, 871 F.2d at 806. The Fourth Amendment claim is DISMISSED with prejudice because leave to amend would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

With respect to the Fifth Amendment's Takings Clause claim, this claim is more appropriately addressed under the Due Process Clause because this claim challenges whether Defendants had the authority to make the deductions in the first place, and not whether Plaintiff was justly compensated for the takings. *Vance v. Barrett*, 345 F.3d 1083, 1090 n.7 (9th Cir. 2003). The Fifth Amendment claim is DISMISSED with prejudice because leave to amend would be futile. *Leadsinger*, 512 F.3d at 532.

With respect to the Eighth Amendment claim, the deductions from Plaintiff's inmate trust account do not rise to the level of an Eighth Amendment violation. Plaintiff alleges that the deductions have resulted in an "undeserved indigent status," denying him the privileges and niceties that make prison life less harsh. However, there is no constitutional right to the canteen or to participate in food or charity drives. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (1996). The Eighth Amendment claim is DISMISSED with prejudice because leave to amend would be futile. *Leadsinger*, 512 F.3d at 532.

With respect to the Equal Protection claim, there are no factual allegations from which it can be reasonably inferred that defendant Davis treated Plaintiff differently from other persons similarly situated. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (evidence of different treatment of unlike groups does not support equal protection claim). Plaintiff does not specify how he was treated differently from other persons similarly situated, but the Court presumes that Plaintiff is alleging that defendant Davis authorized additional deductions to satisfy Plaintiff's restitution obligation, beyond what the Los Angeles Superior Court ordered. It is unclear if the additional deductions authorized by defendant Davis applied to all inmates or just to Plaintiff. This allegation states an Equal Protection claim only if defendant Davis authorized additional

deductions solely from Plaintiff's account and not from the accounts of other inmates.[3]  The Court GRANTS Plaintiff leave to amend his equal protection claim, if he can truthfully do so.

The third amended complaint claim fails to state a state law claim of deliberate indifference to clearly established state law, specifically Cal. Penal Code § 1243, because no such cause of action exists.  To the extent that Plaintiff believes that defendant Davis has violated Cal. Penal Code § 1243, he may bring suit for such a violation only if Section 1243 provides for a private right of action.  The Court is unaware of any state caselaw or state statutes which provide for a private right of action for a violation of Section 1243, and Plaintiff has not cited any such caselaw or statutory authority.  Plaintiff's state law claim of deliberate indifference is DISMISSED with prejudice.

**E.     Motion to Appoint Counsel (ECF No. 38)**

Plaintiff has filed a renewed motion for appointment of counsel, stating that he seeks appointment of counsel for the reasons set forth in his prior requests for appointment of counsel, filed on November 10, 2021 and February 24, 2022.  ECF No. 38.  Plaintiff's prior requests for appointment of counsel were denied on April 26, 2022, for lack of exceptional circumstances.  ECF No. 24.  Plaintiff's filings with the Court do not show that his circumstances have changed since the denial of his prior requests for appointment of counsel.  Plaintiff's renewed motion for appointment of counsel is DENIED for lack of exceptional circumstances, for the reasons set forth in the prior order denying his requests for appointment of counsel.  ECF No. 38.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1.     The following defendant(s) shall be served: San Quentin State Prison warden Ron Davis.  Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners

---

[3] If Plaintiff seeks to bring an equal protection "class of one" claim, he must set forth factual allegations from which it can be reasonably inferred that defendant Davis (1) intentionally (2) treated him differently than other similarly situated persons, (3) without a rational basis. *Gerhart v. Lake County Montana*, 637 F.3d 1013, 1021-22 (9th Cir. 2011) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

1    in the CDCR's custody.  In accordance with the program, the Clerk is directed to serve on the

2    CDCR via email the following documents: the operative complaint (ECF No. 35), this order of

3    service, a CDCR Report of E-Service Waiver form and a summons.  The Clerk also shall serve a

4    copy of this order on the Plaintiff.

5          No later than 40 days after service of this order via email on the CDCR, the CDCR shall

6    provide  the court a completed CDCR Report of E-Service Waiver advising the court which

7    defendant(s) listed in this order will be waiving service of process without the need for service by

8    the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or

9    could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service

10   Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

11   a waiver of service of process for the defendant(s) who are waiving service.

12         Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

13   defendant who has not waived service according to the CDCR Report of E-Service Waiver a

14   USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies

15   of this order, the summons, and the operative complaint for service upon each defendant who has

16   not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

17   Service Waiver.

18       2.    Plaintiff's renewed motion for appointment of counsel is DENIED.  ECF No. 38.

19       3.    The third amended complaint states a cognizable procedural due process claim

20   against defendant SQSP Warden Ron Davis.

21       4.    The Court DISMISSES with leave to amend the Equal Protection claim.  If

22   Plaintiff wishes to file a fourth amended complaint addressing the deficiencies identified above, he

23   shall file a fourth amended complaint within twenty-eight (28) days of the date of this order that

24   addresses the identified deficiencies.  The fourth amended complaint must include the caption and

25   civil case number used in this order, Case No. C 21-08206 JST (PR) and the words "FOURTH

26   AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must

27   answer all the questions on the form in order for the action to proceed.  An amended complaint

28   completely replaces the previous complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925

(9th Cir. 2012). Accordingly, Plaintiff must include in his fourth amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claim(s) found cognizable above and the defendant(s) ordered served above. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file a fourth amended complaint in accordance with this order in the time provided will result in ECF No. 35 remaining the operative complaint and this action proceeding solely on the claim(s) found cognizable above and against the defendant(s) ordered served above. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

5.  The Court DISMISSES the following claims with prejudice: (1) all claims against Los Angeles County Superior Court; (2) the request for compensatory damages against Los Angeles County Superior Court; (3) all claims against defendant Davis in his official capacity; (4) the Fourth Amendment claim; (5) the Fifth Amendment claim; and (6) the Eighth Amendment claim. The Court DISMISSES Los Angeles County Superior Court from this action with prejudice.

6.  In order to expedite the resolution of this case, the Court orders as follows:

    a.  No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[4]

---

[4] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

   7. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

   8. All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant,

but once Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

10. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

11. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

This order terminates ECF No. 38.

**IT IS SO ORDERED.**

Dated: January 3, 2024



JON S. TIGAR
United States District Judge