UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL FAYED,<br><br>     Plaintiff,<br><br>v.<br><br>RON DAVIS,<br><br>     Defendant. | Case No. 21-cv-08206-JST<br><br>**ORDER DENYING RENEWED REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: ECF No. 41 |

Plaintiff, an inmate at San Quentin State Prison ("SQSP") has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now pending before the Court is Plaintiff's fourth request for appointment of counsel. ECF No. 41. The Court denied Plaintiff's prior requests for appointment of counsel for lack of exceptional circumstances. ECF Nos. 24, 40.

Plaintiff has filed a renewed request for appointment of counsel, arguing that counsel is warned because his circumstances have changed significantly. ECF No. 41. Specifically, Plaintiff reports that he has recently been diagnosed with rheumatoid arthritis, which results in flare-ups where he sometimes falls and hurts himself; requires him to take medications that have side effects, including weakness, fatigue, decline in mental capacity; necessitates use of a cane for short distances and a wheelchair for longer distances; and has caused physical deterioration and stiffness that make daily activities of living challenging to carry out. Due to the rheumatoid arthritis, writing causes Plaintiff discomfort and suffering, and Plaintiff has no access to computers, printers, word processors, typewriters, or paralegal assistance. Plaintiff requires a wheelchair to carry out his law library visits, and being out in inclement weather for law library visits aggravates his rheumatoid arthritis. In addition, recently Plaintiff has been subjected to restrictions on the amount of property that he may keep in his cell, due to an impending transfer to

another prison, thereby limiting the amount of legal papers he can keep in his cell. *See generally* ECF No. 41.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 298 (1989). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* At this stage of the action, it is unclear whether Plaintiff can succeed on the merits. The Court's determination that that the operative complaint stated a cognizable claim is not equivalent to finding that Plaintiff is likely to succeed on the merits of that claim. The request for appointment of counsel is therefore DENIED for lack of exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require. ECF No. 41.

This order terminates ECF No. 41.

**IT IS SO ORDERED.**

Dated: February 20, 2024

_____
JON S. TIGAR
United States District Judge