UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL FAYED,<br><br>    Plaintiff,<br><br>    v.<br><br>RON DAVIS,<br><br>    Defendant. | Case No. 21-cv-08206-JST<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND MOTION TO DISMISS; GRANTING NUNC PRO TUNC REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION; DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 51, 57, 60 |

Plaintiff, an inmate currently housed at the California Healthcare Facility in Stockton, California, has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court GRANTS nunc pro tunc Plaintiff's motion for an extension of time to file his opposition to the motion to dismiss, ECF No. 57, and deems Plaintiff's opposition, ECF No. 60, timely filed; GRANTS Defendant's request for judicial notice, ECF Nos. 51-1, 51-2; GRANTS Defendant's motion to dismiss, ECF No. 51; DENIES as moot Plaintiff's motion for summary judgment, ECF No. 60; and DISMISSES this action with prejudice.

**DISCUSSION**

I. **Procedural Background**

On October 21, 2021, the Court opened this action after receiving a complaint from Plaintiff. ECF No. 1. The complaint alleged that California Department of Corrections and Rehabilitation ("CDCR") Secretary Kathleen Allison and the County of Los Angeles had violated Plaintiff's constitutional rights by deducting funds from his inmate trust account to satisfy his restitution obligation while his sentence was held in abeyance pending the disposition of his direct

1   appeal. *See* ECF No. 1. On November 4, 2021, the Court transferred this action to the Eastern

2   District of California because Plaintiff had identified defendant CDCR Secretary Allison's

3   location as Sacramento, California, which is within the Eastern District of California; neither of

4   the defendants named in the complaint resided in this district; and the relevant events did not

5   appear to have occurred in this district. ECF No. 8.

6         On February 24, 2022, Plaintiff filed a first amended complaint. The first amended

7   complaint named as defendants the CDCR, CDCR Secretary Kathleen Allison, the Los Angeles

8   District Attorney's Office, Los Angeles District Attorney Steve Cooley, Deputy District Attorney

9   Alan Jackson, Deputy District Attorney Eric Harmon, the County of Los Angeles, the California

10  Appellate Project, and the Habeas Corpus Resource Center. The first amended complaint alleged

11  that the restitution order related to Plaintiff's conviction was stayed and held in abeyance while he

12  was appealing his conviction; that the CDCR improperly deducted restitution from his prison trust

13  account when he was appealing his conviction; and that the deductions violated his due process

14  rights, constituted negligence, violated state law, and discriminated against him. *See generally*

15  ECF No. 18. On April 26, 2022, the Eastern District of California dismissed the first amended

16  complaint with leave to amend for failure to state a claim as follows:

> Only an authorized, intentional deprivation of property is actionable under the Due Process Clause. Neither negligent nor "unauthorized intentional deprivations of property gives rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 533 n. 14 (1984). California provides an adequate post-deprivation remedy for negligent deprivations of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95).
>
> Plaintiff claims that defendants either acted intentionally or with negligence to his constitutional rights. (ECF No. 18 at 7.) Plaintiff does not allege he was deprived of his property as a result of a prison policy or some other authorized action. Plaintiff further fails to show any policy or other official authorization of the taking of plaintiff's property. Even as to the County of Los Angeles and the Superior Court for the County of Los Angeles, plaintiff only alleges that these defendants failed to ensure that sentencing orders were "fully compliant with established state law" not that there existed a policy that authorized the deprivation of plaintiff's property. (*Id*. at 10.)
>
> As plaintiff has not alleged that the deprivation of his property was pursuant to the policy or other form of authorization from a government agency, plaintiff has an adequate post-deprivation

2

>remedy under California law. *Barnett*, 31 F.3d at 816-17. As currently stated, his claim based on the taking of his property is not cognizable under § 1983.

ECF No. 24 at 5. The Eastern District of California granted Plaintiff leave to file a second amended complaint. *See generally* ECF No. 24.

On May 23, 2022, Plaintiff filed a second amended complaint. ECF No. 29. The second amended complaint named as defendants the CDCR, CDCR Secretary Kathleen Allison, the California Attorney General, the County of Los Angeles, and California Governor Gavin Newsom. The second amended complaint alleged that (1) Defendants effected an authorized intentional taking of Plaintiff's property, in violation of his rights under the Fourth and Fourteenth Amendments, when they deducted monies from his prison trust account to satisfy his restitution obligations while he was appealing his verdict in violation of Cal. Penal Code § 1342 which requires that the execution of the judgment be stayed pending appeal; and (2) California Proposition 66 increased the monthly amount deducted from his prison trust account, in violation of the Ex Post Facto Clause. The second amended complaint sought injunctive relief "striking down the provisions of 'Proposition-66' that violate Federal Constitutional protection"; and the return of "funds illegally deducted in error from plaintiff's trust fund account"; and compensatory and punitive damages. *See generally* ECF No. 29. On January 29, 2023, the Eastern District of California dismissed the second amended complaint for failure to state a claim as follows:

>As to the first of these claims, plaintiff alleges that defendants intentionally took restitution money from his inmate trust account as authorized by California Department of Corrections and Rehabilitation ("CDCR") policy. (*Id.* at 10.) Plaintiff claims that this restitution was unlawfully taken as California Penal Code 1243 required that the execution of the judgment be stayed pending completion of his appeals. (*Id.*) However, the SAC fails to establish that the defendants personally participated in the deprivation of plaintiff's constitutional rights. *See Jones*, 297 F.3d at 934; *Iqbal*, 556 U.S. at 676. Though there are a number of defendants included in the SAC, plaintiff simply states that defendants should be liable as they "knew (or) should have known" plaintiff's rights were violated. (ECF No. 29 at 7.) Such broad allegations are vague and conclusory and thus cannot satisfy the linkage requirement. *See Ivey*, 673 F.2d at 268. The only allegation specific to a defendant is that defendant Allison, as secretary of the CDCR, is liable as defendant Allison had responsibility for the supervision, management, and control of CDCR. (ECF No. 29 at 5.) This allegation is insufficient to state a claim as it too is overly vague and improperly suggests defendant

3

> Allison is liable for the actions of subordinates under a theory of respondeat superior. *Iqbal*, 556 U.S. at 676. Thus, plaintiff has failed to allege sufficient facts to state a cognizable claim against the named defendants.
>
> Plaintiff may still be able to state a claim related to the removal of restitution funds while undergoing appeal. As such, plaintiff will be granted leave to file an amended complaint.
>
> As to plaintiff's second claim regarding the increase in monthly restitution money taken, the Ninth Circuit has previously rejected that a statutory increase in the rate of restitution payments violates the Ex Post Facto Clause. *Quarles v. Kane*, 482 F.3d 1154, 1155 (9th Cir. 2007) (citing *Russell v. Gregoire*, 124 F.3d 1079, 1085 (9th Cir. 1997). An increase to the rate at which restitution may be collected is not an additional punishment and thus does not violate the Ex Post Facto Clause. *Id*. As such, plaintiff's claim regarding the increase in the rate of his restitution payments due to Proposition 66 is not a cognizable claim.

ECF No. 31 at 4-5 (internal footnote omitted).

On February 21, 2023, Plaintiff filed both a third amended complaint, ECF No. 35, and a motion for a change of venue, ECF No. 36. In the request for a change of venue, Plaintiff requested that the case be transferred back to this district because "[t]he events described in Plaintiff's third amended complaint occurred (and) took place upon, and were triggered by, the incarceration of Plaintiff at Calif. State Prison, San Quentin;" and "Calif. State Prison – San Quentin is located in Marin County Calif., Defendant – Warden Ron Davis – was (at all relevant times) warden of C.S.P. – SQ." ECF No. 36. On March 9, 2023, the Eastern District of California granted the request to change venue and transferred this action back to this district. ECF No. 37.

**II.     Operative Complaint (ECF No. 35)**

The third amended complaint named as defendants SQSP warden Ron Davis and the County of Los Angeles, and alleged that (1) the County of Los Angeles, through the Los Angeles Superior Court, ordered that Plaintiff's restitution be due immediately upon Plaintiff's incarceration at San Quentin State Prison despite Plaintiff appealing his conviction and Cal. Penal Code § 1243 holding that a prisoner's sentence is held in suspension and abeyance pending disposition of direct appeal by the California Supreme Court; (2) SQSP Warden Davis "imposed additional restitution (above and beyond) upon Plaintiff's incarceration;" (3) any monies seized by Defendants' unlawful actions prior to the disposition of his direct appeal were unlawfully seized,

4

in violation of the Fourth Amendment's prohibition on unlawful and illegal seizure of property, the Fifth Amendment's takings clause and due process provisions, the Eighth Amendment's prohibition on deliberate indifference to Plaintiff's rights and failure to act to correct the violations of his rights, and the Fourteenth Amendment's due process clause and equal protection clause; (4) Defendants have been deliberately indifferent to clearly established state law, specifically Cal. Penal Code § 1243; and (5) Defendants' actions caused Plaintiff significant hardship because they rendered him an indigent inmate for nearly a decade, denying him the privileges and niceties that make prison life less harsh, such as shopping at the prison canteen and participating in charity drives and food drives, which allow inmates to purchase items from outside vendors at high markup with the proceeds then donated to a charity organization. The third amended complaint sought $350,000 in compensatory damages from defendant Los Angeles County, and $150,000 in compensatory damages from defendant Davis. *See generally* ECF No. 35

On January 3, 2024, the Court screened the third amended complaint and found that the allegation that San Quentin State Prison ("SQSP") warden Ron Davis deprived Plaintiff of monies from his trust account by deducting more than the amount authorized by the court-ordered restitution without providing a pre-deprivation process stated a cognizable due process claim. *See* ECF Nos. 35, 40.

The Court dismissed the equal protection claim with leave to amend. The Court dismissed the remaining claims with prejudice as follows. The Court dismissed with prejudice the claims against Los Angeles County Superior Court, the claims against defendant Davis in his official capacity, and the related request for compensatory damages against both defendants, as barred by the Eleventh Amendment. The Court dismissed with prejudice the Fourth Amendment and Eighth Amendment claim for failure to state a claim as a matter of law. The Court dismissed with prejudice the Fifth Amendment's Takings Clause claim because the claim was more appropriately addressed under the Due Process Clause. The Court dismissed with prejudice the "state law claim of deliberate indifference to clearly established law, specifically Cal. Penal Code § 1243" because no such cause of action exists, noting that Plaintiff had not cited any state caselaw or state statutes which provided for a private right of action for a violation of Cal. Penal Code § 1243. *See*

5

1  *generally* ECF No. 40.

2  The Court also noted that any claim that the deductions taken to satisfy Plaintiff's

3  restitution obligation violated the Due Process Clause failed as a matter of law:

> To the extent that Plaintiff alleges that the deductions violated state law, such an allegation does not state a cognizable due process claim. *See, e.g., Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.") (internal quotation marks and citation omitted); *Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983) (explaining that "[p]rocess is not an end in itself" and holding that a State's creation of administrative procedures "does not create an independent substantive right" under the Due Process Clause); see also *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (litigant cannot "transform a state-law issue into a federal one merely by asserting a violation of due process").
>
> . . .
>
> However, if the deductions authorized by the CDCR and defendant Davis were also authorized by state statute, no procedural due process claim is stated because the deductions were effected by a valid act of the California legislature and the legislative process satisfies the requirements of procedural due process. *Halverson v. Skagit Cty.*, 42 F.3d 1257, 1260-61 (9th Cir. 1994). Cal. Penal Code § 2085.5 requires the CDCR to deduct a minimum of either twenty percent of an inmate's wages and trust account deposits or twenty percent of the balance owing on the fine amount, whichever is less, up to a maximum of fifty percent from the inmate's wages and trust account deposits. Cal. Penal Code § 2085.5.

ECF No. 40 at 5, nn. 1–2.

### III. Defendant's Motion to Dismiss (ECF No. 51)

#### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide a short and plain statement of the plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see also Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A court may dismiss a complaint for lack of cognizable legal theory or if the facts alleged fail to suffice under a cognizable legal claim. *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982 (9th Cir. 2017). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief

1   that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2      In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations
3   and construes them in the light most favorable to the plaintiff. *Polanco v. Diaz*, 76 F.4th 918,
4   925(9th Cir. 2023). Notwithstanding this deference, the reviewing court "need not accept as true
5   allegations that contradict matters properly subject to judicial notice or by exhibit," *Produce Pay,*
6   *Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1161 (9th Cir. 2022), and need not accept as true
7   legal conclusions cast in the form of factual allegations, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678
8   (2009). In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), the court "may
9   generally consider only allegations contained in the pleadings, exhibits attached to the complaint,
10  and matters properly subject to judicial notice." *Outdoor Media Group, Inc. v. City of Beaumont*,
11  506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

12    **B.**  **Request for Judicial Notice (ECF Nos. 52-1, 52-2)**

13     In support of his motion to dismiss, Defendant Davis has filed a request for judicial notice
14  ("RJN"). ECF Nos. 52-1, 52-2. In his RJN, Defendant requests that the Court take judicial notice
15  of (1) Judgment of Death; Death Warrant, in *People v. Fayed*, C No. BA346352 (Los Angeles
16  Cty. Sup. Ct., Nov. 17, 2011), which is attached as Exhibit A to the RJN; (2) the docket of *People*
17  *v. Fayed*, Case No. S198132 (Cal. Sup. Ct.), which is attached as Exhibit B to the RJN;
18  (3) excerpts from the docket of *People v. Fayed*, C No. BA346352, which is attached as Exhibit C
19  to the RJN; (4) Plaintiff's Offender Restitution Payment History record, which was maintained by
20  the CDCR in the regular course of business, and printed on March 5, 2024, which is attached as
21  Exhibit D to the RJN; and (5) "Governor Fills Top CDCR Posts," published at
22  https://www.cdcr.ca.gov/insidecdcr/2020/10/09/governor-fills-top-cdcr-posts/, which is attached
23  as Exhibit E to the RJN. Defendant argues that the Court may take judicial notice of these
24  documents because these documents are undisputed matters of public record, in that they are
25  documents on file in federal or state court or they are records of government agencies; and/or
26  because Plaintiff has incorporated these documents by reference by relying extensively on these
27  documents or because these documents form the basis of some of his claims, citing to *Khoja v.*
28  *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Defendant also argues that

Court may take judicial notice of facts in these documents that are capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned, citing to *Jespersen v. Harrah's Operating Co., Inc.*, 444 F.3d 1101, 1110 (9th Cir. 2006) (en banc). *See generally* ECF Nos. 51-1, 51-2. Plaintiff has not opposed the request for judicial notice.

Federal Rule of Evidence 201(b) permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." *Khoja*, 899 F.3d at 999. "A fact is not subject to reasonable dispute if it is generally known, or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)) (internal quotation marks omitted). Taking judicial notice of matters of public record does not convert a motion to dismiss into a motion for summary judgment. *Id.* A court may not, however, take judicial notice of disputed facts in public records. *Id.* at 1000-01.

For the reasons set forth below, the Court GRANTS Defendant Davis's request for judicial notice.

Exhibit A: Judgment of Death; Death Warrant, in *People v. Fayed*, C No. BA346352 (Los Angeles Cty. Sup. Ct., Nov. 17, 2011). The Court agrees that this record is appropriate for judicial notice because it is a public court record not subject to reasonable dispute. *See Reyn's Pasta Bella, LLC v. Visa USA*, *Inc*., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) ("We may take judicial notice of court filings . . ."). From this document, Defendant seeks to have the court take judicial notice of the following facts: on November 17, 2011, the trial court imposed a $10,000 restitution fine pursuant to Cal. Penal Code § 1202.4(b) and authorized the collection of the fine from Plaintiff's state prisoner earnings or property. ECF No. 51 at 9 (citing to Ex. A at 6). The Court finds that it may take judicial notice of the imposition of the restitution fine and the related authorization to collect the fine because these facts are accurately and readily determined from this public court record whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

Exhibit B: The docket of *People v. Fayed*, Case No. S198132 (Cal. Sup. Ct.). The Court agrees that this record is appropriate for judicial notice because it is a public court record not subject to reasonable dispute. *See Reyn's Pasta Bella, LLC*., 442 F.3d at 746 n. 6; *see also Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of state court docket). From this document, Defendant seeks to have the Court take judicial notice of the following fact:

Plaintiff's death penalty was automatically appealed. ECF No. 51 at 9 (citing to Ex. B at 1). The Court finds that it may take judicial notice of the appeal because this fact is accurately and readily determined from this public court record whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

Exhibit C: Excerpts from the docket of *People v. Fayed*, C No. BA346352. The Court agrees that this record is appropriate for judicial notice because it is a public court record not subject to reasonable dispute. *See Reyn's Pasta Bella, LLC*., 442 F.3d at 746 n. 6; *see also Arellano v. Haskins*, No. 1:17-CV-01235 NONE JLT, 2021 WL 1193814, at *6 (E.D. Cal. Mar. 30, 2021) (taking judicial notice of copy of state court docket and copy of transcript from plaintiff's state court change of plea hearing). From this document, Defendant seeks to have the Court take judicial notice of the following facts: On January 24 and 25, 2012, the trial conducted a restitution hearing for victims, and ordered direct restitution to three victims in varying amounts with an additional 10 percent interest imposed on these amounts. ECF No. 51 at 9 (citing to Ex. C at 6-9). The Court finds that it may take judicial notice of these facts because they can be accurately and readily determined from this public court record whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

Exhibit D: Plaintiff's Offender Restitution Payment History record, which was maintained by the California Department of Corrections and Rehabilitation ("CDCR") in the regular course of business, and printed on March 5, 2024. The Court agrees that this record is appropriate for judicial notice for two reasons. First, this is a record of a public agency not subject to reasonable dispute. *Hill v. Allison*, No. 2:22-cv-0718-KJM-EFB (PC), 2022 WL 4226269, at *1 (E.D. Cal. Sep. 12, 2022) (taking judicial notice of inmate's trust account statement). Second, Plaintiff has incorporated this record in his operative complaint by reference and the deductions for the restitution listed in this document form the basis of his claims. *Khoja*, 899 F.3d at 1002 (affirming incorporation of materials if materials form basis of claim); ECF No. 35 at 9 ("[a]ll the monies seized . . .[prior to disposition of Plaintiff's direct appeal], were clearly and unequivocally unlawful and illegal."). From this document, Defendant seeks to have the Court take judicial notice of the following facts: the monies deducted from Plaintiff's trust account went to satisfying his restitution obligation and to pay required administrative fees. The Court finds that it may take

judicial notice of these facts because they can be accurately and readily determined from this public agency record whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

Exhibit E: "Governor Fills Top CDCR Posts," published at https://www.cdcr.ca.gov/insidecdcr/2020/10/09/governor-fills-top-cdcr-posts/. The Court agrees that this record is appropriate for judicial notice because it is a government document on a government website, as well as a press release of a government agency. *See Arce v. Douglas*, 793 F.3d 968, 975 n.3 (9th Cir. 2015) (taking judicial notice of state education department press release regarding local school district's violation of state statute because press release is public record on file with government agency). From this document, Defendant seeks to have the Court take judicial notice of the following facts: defendant Davis was not employed at San Quentin State Prison when Plaintiff was received at SQSP in 2011, and did not start working at SQSP until 2014. ECF No. 51 at 12 (citing to Ex. E at 1-2). The Court finds that it may take judicial notice of these facts because they can be accurately and readily determined from this government document whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2).

### C.    Plaintiff's Request for Extension of Time to File Opposition

Good cause being shown, the Court GRANTS nunc pro tunc Plaintiff's request for an extension of time to file his opposition. ECF No. 57. The Court deems Plaintiff's opposition, ECF No. 60, timely filed.

### D.    Analysis

Defendants argue that the due process claim should be dismissed for the following reasons: (1) the allegation that defendant Davis imposed "additional restitution (above and beyond) upon Plaintiff's incarceration" is vague and conclusory because it is unclear when the additional obligation was imposed, the amount of the additional obligation, and the purpose of the obligation, and Plaintiff does not identify what process was denied; (2) to the extent that Plaintiff is referring to the administrative fees that are collected when restitution amounts are deducted from an inmate's trust account, these deductions do not violate the Due Process Clause because, at the time that Plaintiff was sentenced and incarcerated at SQSP, these deductions were authorized by Cal. Penal Code § 2085.5 (2011-2012); (3) the operative complaint does not allege any facts indicating

10

that defendant Davis was personally involved in imposing the additional restitution, and the operative complaint cannot allege such facts as defendant Davis was not working at SQSP in 2011-2012 and there is no respondeat superior liability under 42 U.S.C. § 1983; (4) the state court criminal trial and judicial determination of financial responsibility is adequate process to satisfy the Due Process Clause; (5) a post-deprivation remedy is available in California; (6) Plaintiff's appeal of his death penalty did not stay his obligation to pay restitution as the appeal did not challenge the restitution obligation, the restitution obligations were ordered after the appeal was lodged with the California Supreme Court, and the California Supreme Court has already affirmed the guilty finding and death penalty sentence; and (7) defendant Davis is entitled to qualified immunity because there was no constitutional violation and, at the time the funds were removed, there was no clearly established law preventing CDCR from removing the funds. *See generally* ECF No. 51.

Plaintiff's opposition fails to address any of Defendant's arguments. Instead, in his opposition, Plaintiff repeats claims which the Court has already dismissed with prejudice. Specifically, Plaintiff argues that Defendant violated Cal. Penal Code § 1243 when he deducted funds from Plaintiff's trust account to satisfy Plaintiff's restitution obligation while Plaintiff's appeal was ongoing. *See generally* ECF No. 60. This claim has previously been raised and dismissed in Plaintiff's first, second, and third amended complaints. When this claim was raised in the first amended complaint, Plaintiff alleged that the deductions were negligent. ECF No. 18. This claim was dismissed because negligent deprivation of property does not violate the Due Process Clause in California where the state provides an adequate post-deprivation remedy, which California does. ECF No. 24 at 5. The second amended complaint challenged the deductions as "illegal restitution deductions from condemned prisoners trust funds, prior to the disposition of a condemned prisoner's direct appeal," in violation of Cal. Penal Code § 1243, the Fourth Amendment, and the Fourteenth Amendment. ECF No. 29 at 10; *see generally* ECF No. 29. This claim was dismissed for failure to adequately link any of the named defendants to the deductions, but the Court granted Plaintiff leave to amend, stating that Plaintiff might be able to state a claim related to the removal of restitution funds while undergoing appeal. ECF No. 31 at 4-5. In the

11

third amended complaint, Plaintiff alleged that the deduction of funds from his inmate trust account to satisfy his restitution obligations while his appeal was ongoing, and the imposition by defendant Davis of "additional restitution (above and beyond) upon Plaintiff's incarceration" violated Cal. Penal Code § 1243, the Fourth Amendment, the Fifth Amendment, the Eighth Amendment, and the Fourteenth Amendment's due process clause. ECF No. 35. In a reasoned order, the Court dismissed with prejudice the Fourth Amendment, Fifth Amendment, and Eighth Amendment claims, and dismissed with prejudice the due process claim arising out of the claim that deductions were made from Plaintiff's trust account to satisfy his restitution obligations while his conviction and sentence were pending. To the extent that Plaintiff seeks to again seek relief based on his claim that the deductions from his trust account to satisfy his restitution obligation while his appeal were pending violated state law or the Due Process Clause, that claim has already been rejected by the courts multiple times. The Court will not address this claim further.

The sole claim in this action is the claim that defendant Davis violated the Due Process Clause when he deducted from Plaintiff's trust account more than the amount authorized by the court-ordered restitution without providing a pre-deprivation process. After carefully reviewing the record, the Court DISMISSES this claim for failure to state a claim as Defendant has provided judicially noticeable evidence that the claim is factually untrue. The only monies deducted from Plaintiff's trust account were amounts to satisfy the restitution obligation and the then-statutorily-required administrative fee. *See* ECF No. 51-1 at 35-36. If Plaintiff is arguing that the deduction of the statutorily-required administrative fee violated the Due Process Clause, that claim fails as a matter of law. From 2011-2021, Cal. Penal Code § 2085.5(c) required the CDCR to deduct an administrative fee that totaled 10 percent of the amount collected to satisfy the restitution fund obligation. Cal. Penal Code § 2085.5(c) (2011). Deductions authorized by state statute do not violate the Due Process Clause because the deductions were effected by a valid act of the California legislature and the legislative process satisfies the requirements of procedural due process. *Halverson v. Skagit Cty.*, 42 F.3d 1257, 1260-61 (9th Cir. 1994) (where deprivation of property is legislative in nature, due process is satisfied when legislative body performs responsibilities in normal manner prescribed by law). Plaintiff's Offender Restitution Payment

12

History record indicates that the CDCR only deducted monies that were court-ordered and/or statutorily required.  Because the factual basis for the claim is untrue – there were no unauthorized monies deducted from Plaintiff's trust account funds – the due process claim fails as a matter of law.  Moreover, there is no allegation that defendant Davis was directly involved in the deduction of any of the monies.

Because the factual basis for Plaintiff's claim has been shown by judicially noticeable facts to be untrue, the Court declines to address Defendant's remaining arguments in support of dismissal of this action.  The Court DISMISSES with prejudice Plaintiff's due process claim that defendant Davis imposed "additional restitution (above and beyond) upon Plaintiff's incarceration" because that claim is factually untrue.  The Court also DISMISSES with prejudice any claim that the deduction of funds to satisfy the court-ordered restitution obligation and the then-statutorily-authorized administrative fees violated the Due Process Clause.  The dismissal is with prejudice as Plaintiff has previously been granted leave to amend and has been unable to cure the identified deficiencies.  *See Salameh v. Tarsadia Hotel,* 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended.") (citation and quotation omitted).

### IV.  Plaintiff's Motion for Summary Judgment (ECF No. 51)

The Court has dismissed this action with prejudice.  Accordingly, the Court DISMISSES as moot Plaintiff's motion for summary judgment.  ECF No. 51.

## CONCLUSION

For the reasons set forth above, the Court ORDERS as follows.

1. The Court GRANTS nunc pro tunc Plaintiff's motion for an extension of time to file his opposition to the motion to dismiss, ECF No. 57, and deems Plaintiff's opposition, ECF No. 60, timely filed.

2. The Court GRANTS Defendant's request for judicial notice in support of his motion to dismiss.  ECF Nos. 51-1, 51-2.

3. The Court GRANTS Defendant's motion to dismiss, ECF No. 51; and DISMISSES this action with prejudice.

4. The Court DENIES as moot Plaintiff's motion for summary judgment. ECF No. 60.

The Clerk shall enter judgment in favor of Defendant and against Plaintiff, and close the case.

This order terminates ECF Nos. 51, 57, 60.

**IT IS SO ORDERED.**

Dated: October 30, 2024



JON S. TIGAR
United States District Judge

14