UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL FAYED,<br><br>Plaintiff,<br><br>v.<br><br>RON DAVIS,<br><br>Defendant. | Case No. 21-cv-08206-JST<br><br>**ORDER DENYING REQUEST FOR REFUND OF FILING FEE**<br><br>Re: ECF No. 71 |

Plaintiff, an inmate currently housed at the California Healthcare Facility in Stockton, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court DENIES Plaintiff's post-judgment motion for refund of any filing fees collected thus far. ECF No. 71.

**DISCUSSION**

Plaintiff filed this civil rights action, alleging that defendants San Quentin Rehabilitation Center warden Ron Davis deprived Plaintiff of monies from his trust account by deducting more than the amount authorized by the court-ordered restitution without providing a pre-deprivation process, in violation of the Due Process Clause. *See generally* ECF Nos. 35, 40. The Court granted defendant Davis's motion to dismiss because the record showed that Plaintiff's claim was factually untrue, dismissed this action, and entered judgment in favor of Defendant. ECF No. 64. Plaintiff has appealed the Court's dismissal of this action. ECF Nos. 66, 67. On Nov. 26, 2024, the Ninth Circuit referred this action back to this Court for the limited purposes of determining whether Plaintiff should be allowed to continue *in forma pauperis* on appeal. ECF No. 69. The Court denied Plaintiff leave to proceed *in forma pauperis* on appeal. ECF No. 70.

Plaintiff has filed a motion requesting that this Court refund any filing fees collected for

1  far, and rescind or vacate any installment agreement with the CDCR. ECF No. 71. Plaintiff

2  argues that 28 U.S.C. § 1915(b) provides that when a district revokes a litigant's *in forma pauperis*

3  status, "the fee installment agreement must be withdrawn and collected must be refunded." ECF

4  No. 71. Defendants oppose Plaintiff's request for refund of the filing fees because, to the extent

5  that Plaintiff is seeking refund of monies paid for the appellate filing fee, there are no monies to

6  refund as the Ninth Circuit has not granted Plaintiff *in forma pauperis* status for the appeal; and

7  because there is no legal or statutory basis for refunding the filing fees paid for the district court

8  action.

9        The Court DENIES Plaintiff's request for a refund of the filing fees paid to this court for

10 this action. There is no statutory or legal basis for a refund of filing fees in this action. Contrary

11 to Plaintiff's argument, 28 U.S.C. § 1915(b) does not authorize a refund of filing fees. Rather, 28

12 U.S.C. § 1915(b) provides that once a prisoner is granted leave to proceed *in forma pauperis*, the

13 prisoner is obligated to pay the filing fees in full, but allows the prisoner to pay the filing fee over

14 time, instead of requiring prepayment of the full filing fee before the action may proceed. 28

15 U.S.C. § 1915(b)(1). "The filing fee is assessed for the privilege of initiating the matter, without

16 regard to the subsequent disposition." *Bustillos v. Hernandez*, No. 123CV01365SABPC, 2023

17 WL 7626936, at *1 (E.D. Cal. Nov. 14, 2023).[1]

18       Plaintiff appears to misunderstand the Court's December 2, 2024 Order revoking his

19 Plaintiff's *in forma pauperis* status on appeal. The revocation of Plaintiff's *in forma pauperis*

20 status prevents Plaintiff from proceeding *in forma pauperis* on appeal unless the Ninth Circuit

---

[1] The *Green* court explained how the opening of an action itself expends court resources:

> Filing fees are directed towards covering the costs of *opening* a case—whether at the appellate or district court level. As the name suggests, it is a cost levied in connection with the *filing* of a lawsuit. Plaintiff paid the fee and did just that. And though the case may have been resolved in any number of ways, none has any bearing on the refundability of the fee charged for bringing suit in the first instant. Moreover, the court's resources were clearly implicated by plaintiff's initiating this litigation, despite its abbreviated duration: the case was opened on the docket, screened for jurisdictional and other issues, and an order issued, *sua sponte*, notifying plaintiff that it lacked subject matter jurisdiction. The costs to which a filing fee is directed were certainly expended in this case.

*Green v. Bank of Am.*, No. 2:12-CV-02093-GEB, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (citations omitted).

grants him *in forma pauperis* status. The revocation did not affect Plaintiff's *in forma pauperis* status for this action. Litigants are required to pay filing fees when they commence actions in federal district court and when they file appeals. 28 U.S.C. § 1914; Fed. R. App. P. 3(e). These filing fees are distinct. Litigants filing an action in district court are required to pay a $350 filing fee and whatever additional fees prescribed by the Judicial Conference of the United States. Litigants filing an appeal in the Court of Appeals are required to pay a separate filing fee for the appeal, referred to as an appellate docket fee. The appellate docketing fee is paid to the Clerk of the District Court, who receives it on behalf of the Court of Appeals, but the appellate docketing fee is not used to satisfy the district court filing fee. Fed. R. App. P. 3(e). Plaintiff's *in forma pauperis* status on appeal has no bearing on his obligation to pay the filing fee for this action.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's request for a refund of the monies paid thus far to satisfy his filing fee obligation in this action. ECF No. 71.

This order terminates ECF No. 71.

**IT IS SO ORDERED.**

Dated: February 24, 2025

_____
JON S. TIGAR
United States District Judge